IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SUNITA KHOSA,

        Plaintiff,

   v.

TRANSUNION, LLC; EQUIFAX
INFORMATION SERVICES, LLC;
AMERICAN EDUCATION SERVICES;
and DOES 1 through 100, inclusive,

        Defendants.
_____

Case No. 6:21-cv-00160-MC

**OPINION AND ORDER**

**MCSHANE, Judge**:

      Plaintiff Sunita Khosa brings this Fair Credit Reporting Act ("FCRA") action against Defendant American Education Services ("AES"), claiming that AES inaccurately reported her credit accounts as past due despite the accounts being closed and transferred with a zero-dollar balance. AES moves for judgment on the pleadings, arguing it accurately reported Plaintiff's accounts after they went into default. Because AES's reporting of Plaintiff's accounts with a past due payment rating was neither incorrect nor misleading, AES's motion (ECF No. 21) is GRANTED.

BACKGROUND

      Plaintiff began missing payments on her student loan with AES in 2012. AES Answer ¶ 18, Ex. 1, ECF No. 16. Her accounts eventually defaulted and, as a result, were zeroed out and

1 – OPINION AND ORDER

transferred in 2015. *Id.* Following transfer, Plaintiff ordered a credit report and found that AES reported her accounts with a payment status of 120 days past due. Pl.'s Compl. ¶ 51, 58–59, ECF No. 1. Plaintiff disputed this reporting as inaccurate, as her accounts with AES were closed, transferred, and she no longer owed a balance to AES. *Id.* ¶ 53, 58–59.

Plaintiff ordered a second credit report, which revealed that AES continued reporting a past due payment status. *Id.* ¶ 57–59. Plaintiff claims that AES's manner of reporting "incorrectly appears to third parties viewing Plaintiff's credit report that Plaintiff is currently behind on her payment obligations." *Id.* ¶ 63. AES's reporting is also misleading, Plaintiff alleges, because it lowers her credit score, adversely affecting her ability to obtain credit. *Id.* ¶ 63–64.

## STANDARD OF REVIEW

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Because a motion for judgment on the pleadings is "functionally identical" to a motion to dismiss for failure to state a claim, the same standard of review applies to both motions. *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). "Judgment on the pleadings is properly granted when there is no issue of material fact, and the moving party is entitled to judgment as a matter of law." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

To survive a motion for judgment on the pleadings, a complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The court must accept the complaint's factual

allegations as true and construe those facts in the light most favorable to the non-movant. *Fleming*, 581 F.3d at 925.  However, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. If the complaint is dismissed, leave to amend should be granted unless the court "determines that the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

## DISCUSSION

Congress enacted the FCRA "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 53 (2007). To effectuate its purpose, the FCRA imposes duties on credit reporting agencies and on "furnishers" of credit information, like AES. A furnisher cannot report "any information relating to a consumer to any consumer reporting agency if the [furnisher] knows or has reasonable cause to believe that the information is inaccurate." 15 U.S.C. § 1681s-2(a)(1)(A). If a consumer disputes reported information, the furnisher, upon receiving notice of the dispute, must conduct a reasonable investigation and report its findings to credit reporting agencies. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1156–57 (9th Cir. 2009).

Consumers may bring a private right of action under the FCRA against a furnisher who fails to conduct a reasonable investigation or continues to provide inaccurate information following the investigation. *Id.* at 1162 (citing 15 U.S.C. § 1681s-2(b)). "[A] credit entry can be 'incomplete or inaccurate' within the meaning of the FCRA 'because it is patently incorrect, or because it is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.'" *Id.* at 1163.

Plaintiff argues that because her accounts with AES were closed, transferred, and zeroed out, it is both patently incorrect and misleading to continue reporting the payment status as 120

days past due. Pl.'s Opp'n Mot. J. Pleadings 8–9, ECF No. 22. Plaintiff claims the correct way to report the payment status would be "to state the account is transferred" or as "transferred, was 120 days or more than four payments past due." *Id.* at 8. AES responds that when viewed as a whole, Plaintiff's credit report is accurate and not misleading because the report is clear that Plaintiff's accounts are closed with no balance due. Def.'s Mot. J. Pleadings 5–6, ECF No. 21.

  Several district courts have rejected Plaintiff's argument, concluding that reporting a past due payment status on a closed account is not inaccurate or misleading under the FCRA. *See Bibbs v. Trans Union LLC*, 521 F. Supp. 3d 569 (E.D. Pa. 2021); *Gross v. Priv. Nat'l Mortg. Acceptance Co.*, 512 F. Supp. 3d 423 (E.D.N.Y. 2021); *Hernandez v. Trans Union LLC*, No. 19cv1987, 2020 WL 8368221 (N.D. Fla. Dec. 10, 2020); *Settles v. Trans Union, LLC*, No. 20-cv-00084, 2020 WL 6900302 (M.D. Tenn. Nov. 24, 2020). These courts emphasized that when reviewing credit reports for inaccuracy, instead of focusing on individual entries in isolation, the reports should be viewed in their entirety.

  The plaintiff in *Settles* contested the listing of his account pay status as 120 days past due, arguing that if the account balance is zero, it is "impossible for their [sic] current status to be listed as late." 2020 WL 6900302, at *2. In finding the report was neither inaccurate nor misleading, the court relied on other aspects of the report which presented an accurate portrayal of the plaintiff's account overall. *Id.* at *9–10. For instance, the payment history showed that the plaintiff was at least 120 days late on payments for several months. *Id.* The report also showed that the account was eventually closed in February 2014 and provides no account payment information past that date. *Id.* Because the account was more than 120 day past due when it was closed, the court found that the reporting accurately reflected the status of the account. *Id.* at *10.

4 – OPINION AND ORDER

Similarly, when the court in *Gross* looked at the plaintiff's report as a whole, it found the "credit report contain[ed] several other entries that show that the '30 Days Past Due' refers to the period when the payments *were* due" rather than currently due. 512 F. Supp. 3d at 427 (emphasis added). In particular, the report showed that the account was closed, transferred, and had a zero-dollar balance. *Id.* It also showed that the last payment was made in September 2018 and the account was last updated in October 2018. *Id.* Both courts in *Settles* and *Gross* concluded that reporting a pay status as past due would not reasonably mislead a creditor to believe the plaintiffs' payments were currently past due because the reports were accurate portrayals of the accounts as a whole.

Plaintiff's claim here is remarkably similar to the plaintiffs in *Settles* and *Gross*. AES furnished a report with a status of "[a]ccount transferred" and a comment noting "[s]tudent loan assigned to government." AES Answer Ex. 1, at 1.[1] The payment history shows several months of past due payments. *Id.* The second page of the report shows that the account was closed in December 2015, and the current balance, scheduled monthly payment amount, and amount past due are accurately listed as zero dollars. *Id.* at 2. An additional status notation states "[c]laim filed with government for insured portion of balance on a defaulted loan." *Id.* Although Plaintiff claims the past due payment status is incorrect and misleading, Plaintiff does not dispute that her accounts were in fact past due when they were closed and transferred. Taken together, AES's reporting is neither inaccurate nor misleading.

---

[1] In its Answer, AES included a two-page report of Plaintiff's accounts. AES Answer Ex. 1. When ruling on a motion for judgment on the pleadings, the Court may view extrinsic evidence that is authentic and integral to Plaintiff's claims without turning the motion into one for summary judgment. *See Dent v. Cox Commc'ns Las Vegas, Inc.*, 502 F.3d 1141, 1143 (9th Cir. 2007). Plaintiff's claims are based on AES's manner of reporting, and Plaintiff does not dispute that the Court may look to the exhibit when ruling on the pending motion.

5 – OPINION AND ORDER

In support of her argument, Plaintiff relies on the recent decision in *Soler v. Trans Union, LLC*, No. CV 20-8459, 2021 U.S. Dist. LEXIS 245903 (C.D. Cal. Nov. 29, 2021), where the court found that a past due payment status on a closed account was potentially misleading and susceptible to different interpretations. However, the court did not discuss the notion of viewing a credit report in its entirety, nor did it evaluate other district court cases analyzing the same issue. As there is no binding Ninth Circuit precedent on this issue, the Court remains persuaded by the analysis used in the long list of other factually similar district court cases cited above. Viewing the past due pay status in isolation, as Plaintiff suggests, "asks us to limit our review to the Pay Status . . . [and] ignore all other tradelines" in the report. *Bibbs*, 521 F. Supp. 3d at 579. Here, a creditor would not reasonably be misled to believe that Plaintiff currently owes past due payments on a closed account with a zero-dollar balance when viewing Plaintiff's credit report in its entirety.

## CONCLUSION

For the above reasons, AES's Motion for Judgment on the Pleadings (ECF No. 21) is GRANTED. Because leave to amend would be futile, Plaintiff's claims are dismissed with prejudice. *Doe*, 58 F.3d at 497.

IT IS SO ORDERED.

DATED this 26th day of January 2022.

                                                    ___s/Michael J. McShane_____
                                                      **MICHAEL McSHANE**
                                                      **UNITED STATES DISTRICT JUDGE**